UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

In re

**EDWARD J. SYLVIA, JR.**,                    Chapter 7
                                              Case No. 15-10589-JNF

     Debtor
~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
**DEBORA CASEY, CHAPTER 7 TRUSTEE**

     Plaintiff                          Adv. P. No. 16-1085

v.

**FRANCESCO GIOIOSO, INDIVIDUALLY
AND AS TRUSTEE OF THE SPRAGUE REALTY
TRUST, WEBSTER POINT VILLAGE, LLC AND
GIOIOSO DEVELOPERS, LLC**

     Defendants
~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

**MEMORANDUM**

Upon consideration of 1) the Trustee's Complaint against Francesco Gioioso, individually and as Trustee of the Sprague Realty Trust ("SRT"), Webster Point Village, LLC ("WPV"), a Massachusetts limited liability company which has no formal operating agreement, and Gioioso Developers, LLC (collectively, the "Defendants"), through which

1

she seeks a declaratory judgment against the Defendants concerning the powers, rights and obligations of the Trustee with respect to the 25% membership interest owned by the debtor, Edward J. Sylvia, Jr. (the "Debtor") in WPV (the "Interest") and a real estate development project known as Webster Point Village (the "Real Estate" or the "Webster Point project") because "the Trustee is not able to obtain a fair value for [the Interest] without a resolution of the controversies concerning the membership of WPV and the Trustee's powers, rights and obligations as the holder of [the Interest;]"[1] 2) the Defendants' Motion to Dismiss the Complaint for lack of subject matter jurisdiction; 3) the Opposition of the Trustee to the Defendants' Motion to Dismiss; 4) the hearing held on July 27, 2016, and the arguments and statements of counsel to the parties, including the following statements of the Defendants that: a) they do not dispute that the Debtor owns the Interest; b) they do not contest the Trustee's ability to sell the Interest; c) the Real Estate has not yet been sold by SRT to WPV pursuant to the terms of the Development Agreement; d) the Webster Point project is currently "in a state of limbo" and that "[t]here's no financial assets to do anything at this point;" and e) SRT is the owner of the remaining 75% membership interest in WPV;[2] 5) the Trustee's identification of five central issues at the hearing which, according to her counsel,

---

[1] Although WPV has no formal "Operating Agreement," WPV, SRT and other affiliated entities are parties to the Webster Point Village Development Agreement, dated July 15, 2004, which provided certain rights, duties and obligations of the parties regarding the development of the Webster Point project (the "Development Agreement").

[2] The Trustee indicated at the hearing that in light of the Defendants' statement regarding the 75% membership interest in WPV owned by SRT, there is no longer an open question concerning the identity of the owners of WPV.

require clarification and warrant a declaratory judgment, namely: a) whether WPV is obligated to purchase the Real Estate under the Development Agreement; b) whether a commission will be owed to the Debtor (and now the estate) at the time of the purchase of the Real Estate under the Development Agreement; c) whether WPV owes the Debtor (and now the estate) any legal fees under the Development Agreement; d) whether a purchaser of the Interest will be obligated to make a capital contribution to WPV under the Development Agreement at the time of purchase from the Trustee or at a future date from any profit distributions resulting from the Webster Point project; and e) what, if any, will be the amount of the required capital contribution; and 6) 28 U.S.C. § 2201,[3] which authorizes declaratory judgment suits and which is permissive, not mandatory, the Court rules as follows:

Bankruptcy courts are units of United States district courts, which have original bankruptcy jurisdiction. 28 U.S.C. §§ 151 and 1334. The scope of bankruptcy jurisdiction is set forth in 28 U.S.C. § 1334, and the authority of bankruptcy judges is provided in 28 U.S.C. §§ 151 and 157. "The bankruptcy court as a unit of the Article III district court is a court of limited jurisdiction and is bound by the requirement that, as a preliminary matter, it have

---

[3] Section 2201(a) of title 28 provides:

(a) In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a) (emphasis added).

3

Document      Page 4 of 6

before it an actual case or controversy." Kaur v. Rathinam (In re Kaur), No. ADV 12-01872-MLB, 2014 WL 3361432, at *4 (B.A.P. 9th Cir. July 9, 2014) (citing City of L.A. v. Lyons, 461 U.S. 95, 101, 103 S. Ct. 1660 (1983)). *See* U.S. Const. Art. III, § 2, under which the judicial power of federal courts is restricted to "cases" and "controversies." Subject matter jurisdiction under the Declaratory Judgment Act is limited to an "actual controversy" and is coextensive with the "case or controversy" standard embodied in Article III of the Constitution. Continental Cas. Co. v. Pfizer, Inc. (In re Quigley Co., Inc.), 361 B.R. 723, 736 (Bankr. S.D. N.Y. 2007) (citing Maryland Cas. Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 272, 61 S. Ct. 510 (1941) and Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 239–40, 57 S. Ct. 461 (1937)). An actual controversy "must be a real and substantial controversy admitting of specific relief through a decree of conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." Aetna Life Ins. Co., 300 U.S. at 241. "Basically, the question in each case is whether the facts alleged, under all circumstances, show that there is a substantial controversy, between the parties having adverse legal interests, *of sufficient immediacy and reality* to warrant the issuance of a declaratory judgment." Maryland Cas. Co., 312 U.S. at 273 (emphasis added).

The Court finds that the purported controversy concerning the powers, rights and obligations attendant to the Interest is hypothetical and not immediate at this time, especially because the Defendants agree that the Interest can be sold by the Trustee. The Trustee has not yet sought authorization to sell the Interest, and no potential buyer has been identified. Furthermore, market conditions, including the availability of financing for

4

WPV's purchase of the Real Property under the Development Agreement, will have a substantial effect on the value of the Interest, notwithstanding any determination by this Court of the parties' rights under the Development Agreement and Mass. Gen. Laws ch. 156C.

The issues on which the Trustee requests a determination, identified at the hearing and set forth in the Complaint, do not constitute an impediment to the Trustee's sale of the Interest or the fulfillment of her duty to collect and reduce to money property of the estate under 11 U.S.C. § 704(a). Given that the value of the Real Estate, and therefore the Interest, are dependent to a large extent on economic uncertainties surrounding WPV's ability to purchase the Real Estate from SRT and other unpredictable market conditions affecting the value of the Real Estate, this Court's determination of the legal issues identified by the Trustee is premature as it would not result in a definitive monetization of the Interest. Although the Trustee seeks to improve the monetary value and marketability of the Interest through a declaratory judgment, market forces, including the uncertainties described above,

will determine the "fair value" of the Interest.[4]  The Defendants' Motion to Dismiss the Complaint is allowed.  A separate order shall enter.

By the Court,

*/s/ Joan N. Feeney*

Joan N. Feeney
United States Bankruptcy Judge

Dated: August 18, 2016

---

[4] The Court's ruling is without prejudice to the filing of a declaratory judgment action by any purchaser of the Interest.